UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Krystof B.,

      Plaintiff,

v.

Frank Bisignano, *Commissioner of Social Security*,

      Defendant.

File No. 24-cv-2634 (ECT/SGE)

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

---

Plaintiff Krystof B. brought this action seeking judicial review of an administrative decision to deny Social Security benefits. *See* Compl. [ECF No. 1]. The case is before the Court on a Report and Recommendation [ECF No. 12] issued by Magistrate Judge Shannon G. Elkins. Judge Elkins recommends denying Krystof B.'s request for relief and granting Defendant Commissioner of Social Security's request for relief because the administrative law judge ("ALJ") properly relied on testimony from a vocational expert amounting to substantial evidence that Krystof B. did not have a disability.

Krystof B. filed objections to the Report and Recommendation. ECF No. 13. Defendant did not respond to those objections. Because Krystof B. has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). Based on that review, the Report and Recommendation will be accepted.

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled, and it is the last step that is relevant here.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). In that step, if the claimant has proven he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish that the claimant can perform other work in jobs existing in a significant number in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In determining whether a claimant can perform work in jobs existing in significant numbers in the national economy, the Commissioner "may use the services of a vocational expert or other specialist." 20 C.F.R. § 416.966(e); *see Sultan v. Barnhart*, 368 F.3d 857, 864 (8th Cir. 2004); *Gilbert v. Apfel*, 175 F.3d 602, 604 (8th Cir. 1999). The decision whether to use a vocational expert is assigned to the Commissioner. 20 C.F.R. § 416.966(e).

---

[1] The other four steps go like this. At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity and proving that he cannot perform any past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).

An ALJ's decision will be affirmed "if the ALJ made no legal error and [her] decision is supported by substantial evidence on the record as a whole." *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the Commissioner's conclusion.'" *Id.* (citations omitted) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). "An ALJ may rely on a vocational expert's response to a 'properly formulated hypothetical question to meet her burden of showing that jobs exist in significant numbers which a person with the claimant's residual functional capacity can perform.'" *Kraus v. Saul*, 988 F.3d 1019, 1026 (8th Cir. 2021) (quoting *Sultan*, 368 F.3d at 864). While an ALJ has a duty to develop the record, she does not fail in that duty "if substantial evidence exists to allow [her] to make an informed decision." *Hey v. Colvin*, 136 F. Supp. 3d 1021, 1046 (D. Minn. 2015) (citing *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001)). "[R]eversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).

Here, the ALJ heard testimony from two vocational experts, but she relied on just one of them. The first expert, Kenneth Ogren, testified by telephone. AR 46–85, 356.[2] During his testimony, his phone connection failed, and the parties were unable to hear and cross-examine him fully. AR 83–84, 627. The ALJ requested that he complete a set of interrogatories, which he did. AR 655–67. The ALJ then held another hearing with a

---

[2] The Administrative Record, filed at ECF Nos. 5 and 6, will be cited as "AR" to specific pages by the bolded page numbers in the bottom right corner.

second vocational expert testifying—Jesse Ogren, who is Kenneth's son. AR 13. Krystof B. objected, requesting "a supplemental hearing for the purpose of cross examining Mr. Kenneth Ogren, not Mr. Jesse Ogren." AR 14. The ALJ denied the request, explaining, "I'm not going to base any of my decision on any of the prior testimony that was minimal, the proffered correspondence, the response to the interrogatory, at all. So that evidence is as if it doesn't exist, essentially. I'm not going to base my decision on that evidence." AR 14. Her final decision referenced only Jesse Ogren's testimony, not Kenneth Ogren's. AR 3121, 3133–34. She determined Krystof B. could perform "light work" at his residual functional capacity, which included the jobs of "Garment bagger" and "Hand packager," and that those jobs existed in significant numbers in the national economy. AR 3133–34.

Judge Elkins concluded that the testimonies of Kenneth Ogren and Jesse Ogren did not conflict, and even if the experts provided contradictory opinions, it wouldn't matter as the ALJ expressly disregarded Kenneth Ogren's testimony in reaching her decision. Report & Recommendation at 9. The ALJ relied on substantial evidence and made no legal errors, so Judge Elkins recommended affirming the ALJ's decision. *Id.* at 10.

Krystof B. objects to the Report and Recommendation, arguing that the ALJ erred in not allowing him the opportunity to cross-examine Kenneth Ogren about relevant definitions as applied—whether certain jobs in the national economy were "light" work or "sedentary" positions. ECF No. 13 at 2–3. "Specifically to the point: if Kenneth Ogren had agreed with [Krystof B.] that these 'light' jobs identified by Jesse Ogren were actually sedentary, the Commissioner would not have met her Step Five burden." *Id.* at 3. In

4

essence, he objects that the ALJ failed to develop the record properly. *See Monte J.L. v. Kijakazi*, No. 20-cv-1756 (MJD/TNL), 2022 WL 479358, at *7 (D. Minn. Jan. 31, 2022) (construing argument that ALJ denied a request for a supplemental hearing as a failure to develop the record), *report & recommendation adopted*, 2022 WL 484985 (D. Minn. Feb. 16, 2022). In Krystof B.'s view, it was unfair to rely on the testimony of one expert on a decisive issue when another expert may have provided a different response. *See* ECF No. 13 at 4 (comparing expert testimony to responses from a "magic eight ball").

This argument is unpersuasive because the Report and Recommendation correctly concluded that Jesse Ogren's testimony provided the ALJ substantial evidence on which to make an informed decision. *See* Report & Recommendation at 9–10. As another Magistrate Judge in this District explained, "[t]he mere fact that Plaintiff's request for a supplemental hearing was denied does not establish that he was prejudiced or treated unfairly by the ALJ." *Monte J.L.*, 2022 WL 479358, at *7. So too here. The ALJ did not deprive Krystof B. of a fair hearing when she denied the request to seek testimony from Kenneth Ogren; she properly relied on a testimony from another vocational expert. *See* 20 C.F.R. § 416.966(e); *Sultan*, 368 F.3d at 864. Krystof B.'s claim to unfair treatment or prejudice amounts to a hypothetical—had he been able to cross-examine Kenneth Ogren, Kenneth Ogren might have categorized "garment bagger" and "hand packager" as sedentary jobs. *See* ECF No. 13 at 3. Even if Kenneth Ogren's hypothetical testimony contradicted his son's, the ALJ would still have expert testimony amounting to substantial evidence that the jobs were "light" work. *See Blackburn*, 761 F.3d at 858 (explaining that substantial evidence is "such relevant evidence as a reasonable mind would find adequate

5

to support the Commissioner's conclusion"); *Kraus*, 988 F.3d at 1026 (stating that an ALJ may rely on a vocational expert's response to a properly formulated hypothetical question).

Therefore, based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 13] are **OVERRULED**.

2. The Report and Recommendation [ECF No. 12] is **ACCEPTED** in full.

3. Krystof B.'s request for relief [ECF No. 9] is **DENIED**.

4. The Commissioner's request for relief [ECF No. 11] is **GRANTED**.

5. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 15, 2025

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court